# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00005-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THIS ACTION PROCEED AS TO PLAINTIFF TREMAINE CARROLL ONLY<br><br>(ECF Nos. 1, 2.) |

Plaintiff Tremaine Carroll is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff Tremaine Carroll and several other inmates filed the instant action on January 3, 2023. (ECF No. 1.) Plaintiff Tremaine Carroll also submitted an application to proceed in forma pauperis in this action. (ECF No. 2.) On January 6, 2023, the Court received Plaintiff Tremaine Carroll's prisoner trust account statement from Central California Women's Facility (CCWF). (ECF No. 6.)

///

///

///

///

## I.

## DISCUSSION

### A. Application to Proceed In Forma Pauperis

28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement ... for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff has filed an application declaring that, due to his poverty, she is unable to pre-pay the full amount of fees and costs for these proceedings or give security therefor, and that she believes that he is entitled to the relief sought in his complaint. On January 6, 2023, the Court received Plaintiff's Carroll's prison trust account statement from CCWF. (ECF No. 6.) The statement provides that as of January 6, 2023, Plaintiff currently has $15,779,17 to her credit. Thus, the available balance in Plaintiff's account reflects that she can pay the $402.00 filing fee for this action.

Based on the foregoing, the information that Plaintiff has provided to the Court reflects that she is financially able to pre-pay the entire filing fee to commence this action. Although the Ninth Circuit Court of Appeals has held that "the filing fee ... should not take the prisoner's last dollar," Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, it appears Plaintiff has sufficient funds to pre-pay the $402.00 filing fee with money left over. Should Plaintiff have additional information to provide the Court, or should his available balance change by the time she receives this order, she may notify the Court. However, the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets and funds. See Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs). Therefore, Plaintiff's motion to proceed in forma

pauperis must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $402.00 filing fee in full.

**B.     Severance**

The Federal Rules of Civil Procedure provide that parties may be dropped or added by order of the court on the court's own initiative at any stage of the action and on such terms as are just; any claim against a party may be severed and proceeded with separately. Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. *See Davis v. Mason County,* 927 F.2d 1473, 1479 (9th Cir.1991).

In this Court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Accordingly, the court finds that each plaintiff should proceed separately on his own claims.

Plaintiff Tremaine Carroll will proceed in this action.  Each other inmate Plaintiff has included in his list of "Plaintiffs," if they so desire, may commence new, individual actions by filing a complaint as required by Rule 3 of the Federal Rules of Civil Procedure and either paying the required filing fee or filing an application requesting leave to proceed in forma pauperis. Any new action brought should not bear the case number assigned to this action.

## II.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.     Plaintiff Tremaine Carroll  shall proceed as the sole Plaintiff in this case.

Each other inmate Plaintiff has included in his list of "Plaintiffs,"  if they so desire, may commence new, individual actions by filing a complaint as required by Rule 3 of the Federal Rules of Civil Procedure and either paying the required

        filing fee or filing an application requesting leave to proceed in forma pauperis. Any new action brought should not bear the case number assigned to this action;

2.    Plaintiff Tremaine Carroll's motion to proceed in forma pauperis (ECF No. 2) be denied; and

3.    Plaintiff Tremaine Carroll be directed to pay the $402.00 filing fee for this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 10, 2023**

                                           UNITED STATES MAGISTRATE JUDGE