# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00005-JLT-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1) |

Plaintiff Tremaine Carroll is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed January 3, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

As stated in the Court's January 25, 2023 order, this action is proceeding as to Plaintiff, Tremaine Carroll only. (ECF No. 9.)

On December 24, 2022, at approximately 0800 hours, Plaintiff suffered multiple injuries after falling out of her wheelchair due to a hazardous crack in the pavement in front of the CCWF 80s clinic. CCWF staff had inmate Brown pushing Plaintiff. Plaintiff injured her head, neck, shoulder, back, arms, writs, fingers, knee and ankle. She only received an ice pack and Motrin for the pain.

///

1    When Plaintiff arrived at CCWF on August 26, 2021, she immediately noticed them that
2 the prison was out of compliance with federal ADA guidelines that afford mobility impaired
3 inmate patients the right to a paved safe path of travel.  Plaintiff filed over 20 complaints about
4 this specific issue, some of which were captured on video with associate warden Dill, but there
5 have been no results.

6    CDCR, CCWF, and the Secretary and hiring authority, knew or should have known that
7 inmates, like Plaintiff, would face and/or suffer serious physical injury as a result of their
8 unwillingness to fix the grounds, based on all the prior complaints and injuries.

9    There have been years of complaints and years of multiple inmates at CCWF being
10 injured as a result of the prison's recklessness.  The mobility impaired as well as the inmates
11 staff give direct orders to push and assist.  Prison officials knew or should have known that
12 inmates would get injured if they did not fix the roads.

13    Plaintiff is African American, a transgender women, and is mobility impaired under the
14 ADA.  Plaintiff is falsely imprisoned as her sentence is racially motivated because she has been
15 imprisoned on a juvenile conviction for over 20 years.

**III.**

**DISCUSSION**

**A.    Linkage Requirement**

19    Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or
20 other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d
21 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).
22 To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted
23 under color of state law and (2) each defendant deprived him of rights secured by the
24 Constitution or federal law. Long, 442 F.3d at 1185. This requires the plaintiff to demonstrate
25 that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at
26 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City
27 of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  In other words, to state a claim for relief

under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

### B. Hazardous Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

///

Plaintiff alleges that she was injured from a fall due to a crack in the pavement. However, Plaintiff has failed to sufficiently allege that any Defendant knew that the crack in the pavement posed an excessive risk to Plaintiff's health and safety. Even liberally construed, the complaint does not state a claim for an Eighth Amendment violation, since there are no facts supporting a finding of deliberate indifference. Plaintiff alleges that numerous other inmates complained about the cracks in the pavement and injuries thereby, but there are no allegations sufficiently linking such knowledge to the Defendants named in complaint. Simply stating "Defendants" knew or should have known is not sufficient.

Moreover, a simple claim of negligence is not actionable under the Eighth Amendment. Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989); see also Thompson v. McMahon, No. 12-cv-1020-FMO (JEM), 2013 WL 5220748 (C.D. Cal. Sept. 16, 2013) (explaining that negligence claim arising from prisoner's fall at work did not give rise to a federal cause of action; listing similar cases); Brown v. Brasher, No. CIV S-10-0479-MCE-EFB, 2012 WL 639446 (E.D. Cal. Feb. 27, 2012) (holding that a mobility-impaired inmate's claim regarding slipping and falling in a puddle caused by a water leak could only support a tort claim of negligence). Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C. Supervisory Liability

In a Section 1983 action, a supervisory official cannot be held liable under a theory of respondeat superior or vicarious liability. See Iqbal, 556 U.S. at 676. A supervisor's mere knowledge of the unconstitutional conduct of a subordinate does not amount to the supervisor's own violation of the Constitution. Id. at 677 (rejecting this theory of supervisory liability). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

Under Section 1983, a supervisor may be liable if a plaintiff demonstrates either (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Edgerly v. City & County of San Francisco, 599 F.3d 946, 961 (9th Cir. 2010). The requisite causal

connection may be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others that the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (citation omitted).

Plaintiff has failed to allege sufficient facts for supervisory liability as she merely presents conclusory allegations that Defendants knew or should have known of the condition of the pavement.  See Iqbal, 556 U.S. at 678; Krainskin v. Nev. Ex rel. Bd. Of Regents of Nev. Sys. Of Higher Educ., 616 F.3d 963, 969 (9th Cir. 2010) (dismissing complaint because plaintiff "merely alleged in a conclusory fashion that the officers 'knew or should have known' " of the violation); Sullivan v. Biter, No. 1:15-cv-00243-DAD-SAB, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983.").  Accordingly, Plaintiff fails to state a cognizable claim against any of the supervisory individuals named in the complaint.

### D.     Equal Protection/Discrimination

The Equal Protection Clause of the Fourteenth Amendment requires every individual to be judged individually and receive equal justice under the law. Plyler v. Doe, 457 U.S. 202, 216 n.14 (1982). This has not, however, been held to mean that all individuals must receive equal treatment. The Supreme Court's tiered framework analyzes equal protection claims based on the type of classification at issue and the requisite level of justification. If a group of individuals is considered a suspect or quasi-suspect class, then the court applies either strict or intermediate scrutiny. Strict scrutiny has been historically reserved for fundamental rights and classifications based on race and national origin. See Loving v. Virginia, 388 U.S. 1, 18 (1967). Intermediate

scrutiny, on the other hand, has been applied to sex-based classifications. See United States v. Virginia, 518 U.S. 515, 524 (1996).

The Supreme Court employs a four-factor test to determine whether a class qualifies as suspect or quasi-suspect thus meriting heightened scrutiny. Heightened scrutiny is appropriate when the class being discriminated against: (1) has been "historically subjected to discrimination," (2) has a defining characteristic bearing no "relation to ability to perform or contribute to society," (3) has "obvious, immutable, or distinguishing characteristics," and (4) is a "minority or is politically powerless." Windsor v. United States, 699 F.3d 169, 181 (2d Cir. 2012) (listing the factors). Once the Court determines heightened scrutiny should apply, the plaintiff must show the defendants acted with an intent or purpose to discriminate against her based on her membership in a suspect or quasi-suspect class. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). The Ninth Circuit has recently stated that " 'all gender-based classifications today' warrant 'heightened scrutiny.' " Harrison v. v. Kernan, 971 F.3d 1069, 1077 (9th Cir. 2020) (citing VMI, 518 U.S. at 555 (quoting J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 136 (1994)).

Other than stating that Plaintiff is African American, disabled, and transgender, she has failed to set forth sufficient facts to demonstrate discrimination based on her nationality, disability, and/or gender status. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**E.    Americans with Disabilities Act**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Section 504 of the Rehabilitation Act provides, "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Plaintiff does not state a cognizable claim under the ADA or the Rehabilitation Act. Although Plaintiff submits that she is disabled and requires a wheelchair, there are no allegations that prison staff subjected her to discrimination *because of* a disability. In addition, Plaintiff does not allege that she was excluded from participation in, or denied the benefits of, prison services or programs because of a disability.

### F.    False Imprisonment

Plaintiff claims that she is falsely imprisoned beyond her criminal sentence.

"[W]hen a state prisoner is challenging the very fact or duration of physical imprisonment, and the relief [the prisoner] seeks is a determination that is entitled to immediate release or a speedier release from that imprisonment, sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that an injunctive relief action to restore the revocation of good-time credits is not cognizable under § 1983); see also Skinner v. Switzer, 562 U.S. 521, 525 (2011); Simpson v. Thomas, 528 F.3d 685, 692-93 (9th Cir. 2008); Ramirez v. Galaza, 334 F.3d 850, 855-56 (9th Cir. 2003); Bogovich v. Sandoval, 189 F.3d 999, 1002-03 (9th Cir. 1999) (applying rule to ADA claim); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).

Accordingly, where the § 1983 action would necessarily imply the invalidity of the conviction or sentence, it may not proceed. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997), 520 U.S. at 646-48 (concluding that § 1983 claim was not cognizable because allegation of procedural defect – a biased hearing officer – would result in an automatic reversal of the prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-87 (1994). (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim which includes as an element that the criminal proceeding was concluded in plaintiff's favor); Szajer v. City of Los Angeles, 632 F.3d 607, 611-12 (9th Cir. 2011) (concluding that Fourth Amendment unlawful search claim was not cognizable because a finding that there was no probable cause for the search would necessarily imply the invalidity of plaintiffs' conviction

for felony possession of a pistol); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (concluding that claims for false arrest and false imprisonment were not cognizable because a finding that there was no probable cause to arrest plaintiff for disturbing the peace would necessarily imply that plaintiff's conviction for disturbing the peace was invalid).

Plaintiff's claim that she is falsely imprisoned beyond her criminal sentence necessarily challenges Plaintiff's conviction and bars the complaint from moving forward because of the "favorable termination" rule derived from Heck, regardless of the remedy sought. Cabrera, 159 F.3d 374, 380; Balisok, 520 U.S. 641, 646-48; Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Accordingly, Plaintiff cannot state a claim for false imprisonment by way of section 1983.

### E.     Appointment of Counsel

Plaintiff seeks appointment of counsel.

A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present in this action. Plaintiff is able to adequately articulate her claims and they do not appear to be particularly complex. Accordingly, Plaintiff's request for appointment of counsel is denied.

///

///

9

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if she believes she can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

///

///

///

///

///

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**February 2, 2023**__

UNITED STATES MAGISTRATE JUDGE