1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8
9

| | |
|---|---|
| TREMAINE CARROLL, | Case No. 1:23-cv-00005-JLT-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION |
| v. | |
| CDCR, et al., | (ECF No. 13) |
| Defendants. | |

10
11
12
13
14
15

16      Plaintiff Tremaine Carroll is proceeding pro se in this civil rights action filed pursuant to

17  42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28

18  U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff's complaint in this action was filed on

19  January 3, 2023.  (ECF No. 1.)

20      On February 2, 2023, the Court screened the complaint, found no cognizable claims, and

21  granted Plaintiff thirty days to file an amended complaint.  (ECF No. 10.)

22      Plaintiff failed to file an amended complaint or otherwise respond to the Court's February

23  2, 2023 order.  Therefore, on March 14, 2023, the Court issued an order for Plaintiff to show

24  cause why the action should not be dismissed.  (ECF No. 13.)  Plaintiff has failed to respond to

25  the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the

26  action is warranted.

27  ///

28  ///

1

1

## I.

2

## SCREENING REQUIREMENT

3        The Court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

5  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

6  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

7  that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

8  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

9        A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

13  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

14  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

15  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

16        Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings

17  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

18  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

19  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

20  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

21  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

22  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

23  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

24  F.3d at 969.

25

## II.

26

## SUMMARY OF ALLEGATIONS

27        The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of

28  the screening requirement under 28 U.S.C. § 1915.

1    As stated in the Court's January 25, 2023 order, this action is proceeding as to Plaintiff,

2  Tremaine Carroll only.  (ECF No. 9.)

3    On December 24, 2022, at approximately 0800 hours, Plaintiff suffered multiple injuries

4  after falling out of her wheelchair due to a hazardous crack in the pavement in front of the

5  CCWF 80s clinic.  CCWF staff had inmate Brown pushing Plaintiff.  Plaintiff injured her head,

6  neck, shoulder, back, arms, writs, fingers, knee and ankle.  She only received an ice pack and

7  Motrin for the pain.

8    When Plaintiff arrived at CCWF on August 26, 2021, she immediately noticed them that

9  the prison was out of compliance with federal ADA guidelines that afford mobility impaired

10  inmate patients the right to a paved safe path of travel.  Plaintiff filed over 20 complaints about

11  this specific issue, some of which were captured on video with associate warden Dill, but there

12  have been no results.

13    CDCR, CCWF, and the Secretary and hiring authority, knew or should have known that

14  inmates, like Plaintiff, would face and/or suffer serious physical injury as a result of their

15  unwillingness to fix the grounds, based on all the prior complaints and injuries.

16    There have been years of complaints and years of multiple inmates at CCWF being

17  injured as a result of the prison's recklessness.  The mobility impaired as well as the inmates

18  staff give direct orders to push and assist.  Prison officials knew or should have known that

19  inmates would get injured if they did not fix the roads.

20    Plaintiff is African American, a transgender women, and is mobility impaired under the

21  ADA.  Plaintiff is falsely imprisoned as her sentence is racially motivated because she has been

22  imprisoned on a juvenile conviction for over 20 years.

**III.**

**DISCUSSION**

**A.    Linkage Requirement**

26    Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or

27  other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d

28  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

1    To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted

2    under color of state law and (2) each defendant deprived him of rights secured by the

3    Constitution or federal law. Long, 442 F.3d at 1185. This requires the plaintiff to demonstrate

4    that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at

5    677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City

6    of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  In other words, to state a claim for relief

7    under section 1983, Plaintiff must link each named defendant with some affirmative act or

8    omission that demonstrates a violation of his federal rights.

9           **B.       Hazardous Conditions of Confinement**

10          "It is undisputed that the treatment a prisoner receives in prison and the conditions under

11   which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v.

12   McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832

13   (1994).  Conditions of confinement may, consistent with the Constitution, be restrictive and

14   harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d

15   1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v.

16   Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however,

17   provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal

18   safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other

19   grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726,

20   731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen,

21   642 F.2d 1129, 1132-33 (9th Cir. 1981).

22          Two requirements must be met to show an Eighth Amendment violation. Farmer, 511

23   U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently

24   serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have

25   a sufficiently culpable state of mind," which for conditions of confinement claims "is one of

26   deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act

27   with deliberate indifference when they know of and disregard an excessive risk to inmate health

28   or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in

determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that she was injured from a fall due to a crack in the pavement. However, Plaintiff has failed to sufficiently allege that any Defendant knew that the crack in the pavement posed an excessive risk to Plaintiff's health and safety.  Even liberally construed, the complaint does not state a claim for an Eighth Amendment violation, since there are no facts supporting a finding of deliberate indifference. Plaintiff alleges that numerous other inmates complained about the cracks in the pavement and injuries thereby, but there are no allegations sufficiently linking such knowledge to the Defendants named in complaint. Simply stating "Defendants" knew or should have known is not sufficient.

Moreover, a simple claim of negligence is not actionable under the Eighth Amendment. Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989); see also Thompson v. McMahon, No. 12-cv-1020-FMO (JEM), 2013 WL 5220748 (C.D. Cal. Sept. 16, 2013) (explaining that negligence claim arising from prisoner's fall at work did not give rise to a federal cause of action; listing similar cases); Brown v. Brasher, No. CIV S-10-0479-MCE-EFB, 2012 WL 639446 (E.D. Cal. Feb. 27, 2012) (holding that a mobility-impaired inmate's claim regarding slipping and falling in a puddle caused by a water leak could only support a tort claim of negligence).  Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C.     Supervisory Liability

In a Section 1983 action, a supervisory official cannot be held liable under a theory of respondeat superior or vicarious liability. See Iqbal, 556 U.S. at 676. A supervisor's mere knowledge of the unconstitutional conduct of a subordinate does not amount to the supervisor's own violation of the Constitution. Id. at 677 (rejecting this theory of supervisory

liability). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

Under Section 1983, a supervisor may be liable if a plaintiff demonstrates either (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Edgerly v. City & County of San Francisco, 599 F.3d 946, 961 (9th Cir. 2010). The requisite causal connection may be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others that the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (citation omitted).

Plaintiff has failed to allege sufficient facts for supervisory liability as she merely presents conclusory allegations that Defendants knew or should have known of the condition of the pavement.  See Iqbal, 556 U.S. at 678; Krainskin v. Nev. Ex rel. Bd. Of Regents of Nev. Sys. Of Higher Educ., 616 F.3d 963, 969 (9th Cir. 2010) (dismissing complaint because plaintiff "merely alleged in a conclusory fashion that the officers 'knew or should have known' " of the violation); Sullivan v. Biter, No. 1:15-cv-00243-DAD-SAB, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983.").  Accordingly, Plaintiff fails to state a cognizable claim against any of the supervisory individuals named in the complaint.

### D.      Equal Protection/Discrimination

The Equal Protection Clause of the Fourteenth Amendment requires every individual to be judged individually and receive equal justice under the law. Plyler v. Doe, 457 U.S. 202, 216

n.14 (1982). This has not, however, been held to mean that all individuals must receive equal treatment. The Supreme Court's tiered framework analyzes equal protection claims based on the type of classification at issue and the requisite level of justification. If a group of individuals is considered a suspect or quasi-suspect class, then the court applies either strict or intermediate scrutiny. Strict scrutiny has been historically reserved for fundamental rights and classifications based on race and national origin. See Loving v. Virginia, 388 U.S. 1, 18 (1967). Intermediate scrutiny, on the other hand, has been applied to sex-based classifications. See United States v. Virginia, 518 U.S. 515, 524 (1996).

The Supreme Court employs a four-factor test to determine whether a class qualifies as suspect or quasi-suspect thus meriting heightened scrutiny. Heightened scrutiny is appropriate when the class being discriminated against: (1) has been "historically subjected to discrimination," (2) has a defining characteristic bearing no "relation to ability to perform or contribute to society," (3) has "obvious, immutable, or distinguishing characteristics," and (4) is a "minority or is politically powerless." Windsor v. United States, 699 F.3d 169, 181 (2d Cir. 2012) (listing the factors). Once the Court determines heightened scrutiny should apply, the plaintiff must show the defendants acted with an intent or purpose to discriminate against her based on her membership in a suspect or quasi-suspect class. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). The Ninth Circuit has recently stated that " 'all gender-based classifications today' warrant 'heightened scrutiny.' " Harrison v. v. Kernan, 971 F.3d 1069, 1077 (9th Cir. 2020) (citing VMI, 518 U.S. at 555 (quoting J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 136 (1994)).

Other than stating that Plaintiff is African American, disabled, and transgender, she has failed to set forth sufficient facts to demonstrate discrimination based on her nationality, disability, and/or gender status. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**E.    Americans with Disabilities Act**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs,

1

2

or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §
12132.

3

4

5

6

Section 504 of the Rehabilitation Act provides, "[n]o otherwise qualified individual with
a disability in the United States ... shall, solely by reason of her or his disability, be excluded
from the participation in, be denied the benefits of, or be subjected to discrimination under
any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

7

8

9

10

11

Plaintiff does not state a cognizable claim under the ADA or the Rehabilitation Act.
Although Plaintiff submits that she is disabled and requires a wheelchair, there are no allegations
that prison staff subjected her to discrimination *because of* a disability.  In addition, Plaintiff
does not allege that she was excluded from participation in, or denied the benefits of, prison
services or programs because of a disability.

12

**F.      False Imprisonment**

13

Plaintiff claims that she is falsely imprisoned beyond her criminal sentence.

14

15

16

17

18

19

20

21

22

23

"[W]hen a state prisoner is challenging the very fact or duration of physical
imprisonment, and the relief [the prisoner] seeks is a determination that is entitled to immediate
release or a speedier release from that imprisonment, sole remedy is a writ of habeas
corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that an injunctive relief action
to restore the revocation of good-time credits is not cognizable under § 1983); see also Skinner v.
Switzer, 562 U.S. 521, 525 (2011); Simpson v. Thomas, 528 F.3d 685, 692-93 (9th Cir.
2008); Ramirez v. Galaza, 334 F.3d 850, 855-56 (9th Cir. 2003); Bogovich v. Sandoval, 189
F.3d 999, 1002-03 (9th Cir. 1999) (applying rule to ADA claim); Neal v. Shimoda, 131 F.3d
818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per
curiam).

24

25

26

27

28

Accordingly, where the § 1983 action would necessarily imply the invalidity of the
conviction or sentence, it may not proceed. See Edwards v. Balisok, 520 U.S. 641, 646-48
(1997), 520 U.S. at 646-48 (concluding that § 1983 claim was not cognizable because allegation
of procedural defect – a biased hearing officer – would result in an automatic reversal of the

prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-87 (1994). (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim which includes as an element that the criminal proceeding was concluded in plaintiff's favor); Szajer v. City of Los Angeles, 632 F.3d 607, 611-12 (9th Cir. 2011) (concluding that Fourth Amendment unlawful search claim was not cognizable because a finding that there was no probable cause for the search would necessarily imply the invalidity of plaintiffs' conviction for felony possession of a pistol); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (concluding that claims for false arrest and false imprisonment were not cognizable because a finding that there was no probable cause to arrest plaintiff for disturbing the peace would necessarily imply that plaintiff's conviction for disturbing the peace was invalid).

Plaintiff's claim that she is falsely imprisoned beyond her criminal sentence necessarily challenges Plaintiff's conviction and bars the complaint from moving forward because of the "favorable termination" rule derived from Heck, regardless of the remedy sought. Cabrera, 159 F.3d 374, 380; Balisok, 520 U.S. 641, 646-48; Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Accordingly, Plaintiff cannot state a claim for false imprisonment by way of section 1983.

## IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on February 2, 2023, an order issued providing Plaintiff with the legal standards that applied to her claims, advising her of the deficiencies that needed to be corrected, and granting her leave to file an amended complaint within thirty days. (ECF No. 10.) Plaintiff did not file an amended complaint or otherwise respond to the Court's February 2, 2023 order. Therefore, on March 14, 2023, the Court ordered

1  Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF

2  No. 13.)  Plaintiff failed to respond to the March 14, 2023 order.

3       Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

4  Rules or with any order of the Court may be grounds for imposition by the Court of any and all

5  sanctions . . . within the inherent power of the Court."  The Court has the inherent power to

6  control its docket and may, in the exercise of that power, impose sanctions where appropriate,

7  including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

8  2000).

9       A court may dismiss an action based on a party's failure to prosecute an action, failure to

10 obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

11 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

12 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

13 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

14 comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

15 United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

16 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

17 of prosecution and failure to comply with local rules).

18      "In determining whether to dismiss an action for lack of prosecution, the district court is

19 required to consider several factors: '(1) the public's interest in expeditious resolution of

20 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

21 (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

22 drastic sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These

23 factors guide a court in deciding what to do, and are not conditions that must be met in order for

24 a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d

25 1217, 1226 (9th Cir. 2006) (citation omitted).

26      In this instance, the public's interest in expeditious resolution of the litigation and the

27 Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine

28 (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended

1   complaint within thirty days of February 2, 2023 and has not done so.  Accordingly, the

2   operative pleading is the January 3, 2023 complaint which has been found not to state a

3   cognizable claim.  Plaintiff's failure to comply with the order of the Court by filing an amended

4   complaint hinders the Court's ability to move this action towards disposition.  This action can

5   proceed no further without Plaintiff's compliance with the order and his failure to comply

6   indicates that Plaintiff does not intend to diligently litigate this action.

7        Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

8   rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,

9   1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of

10  dismissal.

11       The public policy in favor of deciding cases on their merits is greatly outweighed by the

12  factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order

13  for this action to proceed, Plaintiff is required to file an amended complaint curing the

14  deficiencies in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an

15  amended complaint or respond to the order to show cause and this action cannot simply remain

16  idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh

17  Plaintiff's failure to comply with the Court's orders.

18       Finally, a court's warning to a party that their failure to obey the court's order will result

19  in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

20  Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's February 2, 2023 order

21  requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an

22  amended complaint in compliance with this order, the Court will recommend to a district judge

23  that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 10.)  In

24  addition, the Court's March 14, 2023, order to show cause specifically stated: "Plaintiff's failure

25  to comply with this order will result in a recommendation to dismiss the action for the reasons

26  stated above." (ECF No. 13.) Thus, Plaintiff had adequate warning that dismissal would result

27  from her noncompliance with the Court's order.

28  ///

11

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim.  Plaintiff has failed to comply with the Court's order to file an amended complaint or respond to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the February 2, 2023 and March 14, 2023 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 7, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

12